Filed 2/10/14  P. v. Bowermaster CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES EUGENE BOWERMASTER,<br><br>    Defendant and Appellant. | 2d Crim. No. B250351<br>(Super. Ct. No. M465853)<br>(San Luis Obispo County) |

Charles Eugene Bowermaster appeals the judgment entered after he pled no contest to driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)). Appellant also admitted allegations that he had suffered three prior convictions for driving under the influence (Veh. Code, § 23152, subd. (b)) and two prior strike convictions (Pen. Code,[1] §§ 667, subds. (d), (e), 1170.12, subds. (b), (c)), and had served four prior prison terms (§ 667.5, subd. (b)).

Appellant was initially deemed incompetent to stand trial. On December 23, 2011, he was committed to Atascadero State Hospital (ASH) for treatment pursuant

---

[1] All further statutory references are to the Penal Code.

to section 1370, subdivision (a)(1)(B)(i).[2]  On June 14, 2012, ASH's medical director issued a certification of appellant's mental competency in accordance with section 1372. After appellant waived his rights to a preliminary hearing and trial and pled no contest,[3] the trial court sentenced him to five years in state prison and awarded him 1,034 days presentence custody credit under section 4019.  Appellant was also ordered to pay a $1,000 restitution fine (§ 1202.4, subd. (b)) and other various statutory fines and fees.

We appointed counsel to represent appellant in this appeal.  After examining the record, counsel filed an opening brief raising no issues. On December 12, 2013, we advised appellant that he had 30 days to personally submit any contentions he wished us to consider.  In a timely response, appellant contends he is entitled to presentence custody credit in accordance with *People v. Bryant* (2009) 174 Cal.App.4th 175 (*Bryant*).  He also claims the court erred in ordering him to pay a $1,000 restitution fine.  Although defense counsel did not object to the fine, appellant claims that counsel was about to do so when the court "cut him off and made [appellant] set [*sic*] down and shut up."

Appellant fails to demonstrate either error of which he complains.  The defendant in *Bryant*, like appellant, was initially declared incompetent to stand trial and was committed for treatment to restore his competency.  The Court of Appeal concluded the defendant was entitled to section 4019 credits as of the date state hospital staff prepared and served a report stating that his competency had been restored, rather than the subsequent date the medical director's designee executed and served a section 1372

---

**2** Section 1370, subdivision (a)(1)(B)(i) states: "If the defendant is found mentally incompetent, the trial or judgment shall be suspended until the person becomes mentally competent. [¶] (i) In the meantime, the court shall order that the mentally incompetent defendant be delivered by the sheriff to a state hospital for the care and treatment of the mentally disordered, or to any other available public or private treatment facility, . . . approved by the community program director that will promote the defendant's speedy restoration to mental competence, or placed on outpatient status as specified in Section 1600."

**3** Although we ordinarily derive a statement of facts from the probation report under these circumstances, no such facts are included in that report or elsewhere in the record.

2

certification of the defendant's competence.**4** (*Bryant, supra*, 174 Cal.App.4th at pp. 182-183.) The court stated: "[O]ur opinion should not be read as holding that the very instant competency is restored, the right to conduct credits accrues. The Legislature has provided for an orderly process in sections 1371 and 1372 for evaluating patients and returning them to court when their competence is regained. But when the uncontradicted evidence demonstrates the accused's competency was unquestionably regained as of a date certain, as occurred here on May 21, 2007, the defendant is entitled to section 4019 conduct credits even though the section 1372, subdivision (a)(1) certification has not been mailed to the trial court." (*Id.* at p. 184.)

Appellant was awarded section 4019 credits as of June 14, 2012, which is the date the section 1372 certification of his mental competency was executed by ASH's Medical Director, Dr. Thomas G. Cahill, and Forensic Services Director David K. Fennel, M.D. Appellant asserts that pursuant to *Bryant*, he should have been awarded credits as of June 8, 2012, which he characterizes as the date ASH staff prepared its report stating that appellant's competency had been restored. Although the record reflects that the report was dated June 8, 2012, Dr. Fennel did not sign off on the report until June 15, 2012, the day *after* he and Dr. Cahill executed their section 1372 certification of appellant's competency. Because the record demonstrates that appellant was not "unanimously found by [all] staff members to be restored to competency" until June 14, 2012, section 4019 credits were correctly awarded as of that date. (*Bryant, supra*, 174 Cal.App.4th at p. 184.)

---

**4** The first report was prepared and served in accordance with section 1370, subdivision (b)(1), which states in pertinent part: "Within 90 days of a commitment made pursuant to subdivision (a), the medical director of the state hospital or other treatment facility to which the defendant is confined shall make a written report to the court . . . concerning the defendant's progress toward recovery of mental competence." The certification of the defendant's mental competence was executed and served pursuant to section 1372, subdivision (a)(1), which states in pertinent part that "[i]f the medical director of the state hospital or other facility to which the defendant is committed . . . determines that the defendant has regained mental competence, the director shall immediately certify that fact to the court by filing a certificate of restoration with the court by certified mail, return receipt requested."

Appellant also fails to demonstrate the court erred in ordering him to pay a $1,000 victim restitution fine without considering his inability to pay. Even assuming that appellant's statement, "I'm not going to have any money to pay anything," is sufficient to preserve the claim or that the court otherwise prevented appellant or his attorney from objecting to the fine, appellant "points to no evidence in the record supporting his inability to pay, beyond the bare fact of his impending incarceration. Nor does he identify anything in the record indicating the trial court breached its duty to consider his ability to pay; as the trial court was not obligated to make express findings concerning his ability to pay, the absence of any findings does not demonstrate it failed to consider this factor. Thus, we cannot say on this record that the trial court abused its discretion." (*People v. Gamache* (2010) 48 Cal.4th 347, 409.)

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, Jonathan B. Steiner, Richard B. Lennon, under appointment by the Court of Appeal; Charles Bowermaster, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.